IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARCELLE POTTER,   CIVIL CASE NO:

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## COMPLAINT

Plaintiff, MARCELLE POTTER, sues Defendant, the UNITED STATES OF AMERICA, and alleges as follows:

### *Jurisdiction, Venue and Parties*

1. This is an action brought under the Federal Tort Claims Act arising out of the negligent and wrongful acts or omissions of employees, agents, apparent agents, servants or representatives of the United States Government while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff under the laws of the State of Florida. 28 U.S.C. §1346(b). At all times relevant, these persons were subject to the United States Government's right to control, including substantial supervision and direction over their day to day activities.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §2671, *et seq.*

3. On March 29, 2013, Plaintiff, MARCELLE POTTER, filed her administrative claim, based on the facts alleged herein with the appropriate federal agency, the Department of Health & Human Services, for damages arising out of the injury to MARCELLE POTTER based on the negligence of United States Government, agents, apparent agents, servants or representatives, practicing in the course and scope of their employment at the North Florida Medical Centers, Inc. A copy of the administrative claim is attached hereto as Exhibit "A."

4. Such claim was presented as required by 28 U.S.C. §2675.

5. The Department of Health & Human Services has recently responded to the aforementioned administrative claim and denied the claim. See notice of final determination and denial of claim letter, and authorization to file suit, dated March 12, 2014, attached as Exhibit "B."

6. At all times material hereto, Plaintiff, MARCELLE POTTER, was a citizen of the United States of America, residing in Gadsden County, Florida. Accordingly, venue is proper in the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. 1402(b).

7. At all times material hereto, North Florida Medical Centers, Inc., located at 1249 Strong Road, Quincy, Florida, was functioning as the Jessie Furlow Medical Center, providing medical care and treatment to the community. The Department of Health & Human Services maintained supervision of the personnel providing services to the patients at Jessie Furlow Medical Center.

8. At all times material hereto, Jeffrey Wasserman, D.O. (hereinafter "Dr. Wasserman") was licensed to practice medicine in the State of Florida and held himself out as a physician, practicing medicine in the state of Florida.

9. At all times material hereto, Jeffrey Wasserman, D.O. was an employee of, and acting in the course and scope of his employment with, North Florida Medical Centers, Inc.

***Factual Background***

10. On September 28, 2009, Marcelle Potter established care with Dr. Jeffrey Wasserman and the North Florida Medical Centers, Inc.

11. Prior to that date, Ms. Potter, who suffers from severe asthma, had been under the specialized care of Dr. Duncan Postma with Tallahassee Ear, Nose & Throat, and Dr. Dan Davis with Tallahassee Pulmonary, for over 12 years. It was during this time period that Ms. Potter learned that she had aspirin-sensitive asthma, and that she was allergic to Non-Steroidal Anti-Inflammatory Drugs ("NSAIDs"). After losing her health insurance, Ms. Potter was no longer able to treat with Drs. Postma and Davis, and she initiated care with Dr. Wasserman.

12. Ms. Potter advised Dr. Wasserman on her first visit that her lungs and airways completely shut down if she is exposed to even the smallest amount of NASIDs.

13. In February of 2010, Ms. Potter had a severe allergic reaction to an over-the-counter nutritional supplement made from a plant used as one of the ingredients in aspirin. She spent two days on life support and an additional 2 days in the ICU. On March 30, 2010, Dr. Wasserman's office note documented Ms. Potter's allergies and adverse reactions to Aspirin and NSAIDs. Documentation of her allergies and reactions was not carried forward in subsequent examination notes, nor does there appear to be any sort of face sheet in her chart maintained by North Florida Medical Centers, Inc. to readily identify Marcelle Potter's allergies. This is required of a medical clinic by the standards of care.

14. On April 8, 2011, Ms. Potter had a scheduled appointment with Dr. Wasserman. Due to complaints of lumbosacral spine pain, Dr. Wasserman offered her an injection of pain

medication. Because it was not her common practice to take pain medications, Ms. Potter asked the name, effect and class of medication being given to ensure that it was not something to which she was allergic. Dr. Wasserman reaffirmed her NSAID allergy and advised Ms. Potter that "Toradol" was not a NSAID and would be safe for her to use. Ms. Potter was given an intramuscular injection of Toradol 60 mg. Dr. Wasserman's office note dated April 8, 2011, the same day he gave Ms. Potter the Toradol injection, includes a notation under Allergies and Adverse Reactions that Ms. Potter had a reaction to the Toradol and was hospitalized. His SOAP note then documents that Potter was given a Toradol injection.

15. Shortly after arriving home following the Toradol injection, Ms. Potter suffered severe respiratory distress and collapsed. Her parents immediately called 911. While in the ambulance, Ms. Potter continued to deteriorate and intubation was required to save her life. Following intubation, Ms. Potter was air lifted to Capital Regional Medical Center and admitted to the ICU on life support. Ms. Potter remained in the ICU for four days. On discharge she was specifically advised to avoid Toradol in the future.

16. Toradol is contraindicated for patients, such as Ms. Potter, who have experienced asthma, or allergic-type reactions after taking aspirin or other nonsteroidal anti-inflammatory drugs (NSAIDs), as severe anaphylactic-like reactions to NSAIDs have been reported in such patients.

## COUNT I
## NEGLIGENCE OF UNITED STATES GOVERNMENT

17. Plaintiff herein realleges paragraphs 1 through 16 above as if they were set forth fully herein.

18. The United States Government, by and through its agents, apparent agents, employees, servants, representatives, and contractors, by their acceptance of MARCELLE

POTTER as a patient, owed her a duty to provide that level of skill, care and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

19. Notwithstanding the duties owed to MARCELLE POTTER by Defendant, UNITED STATES GOVERNMENT, as described herein, Defendant was negligent and deviated from the prevailing professional standards of care required, as follows:

   a. Dr. Wasserman ordered and/or supervised a Toradol injection for Ms. Potter, despite prior notification that Ms. Potter was allergic to aspirin and NSAIDs.

   b. Dr. Wasserman ordered and/or supervised a Toradol injection for Ms. Potter, despite documentation within the chart that Ms. Potter was allergic to aspirin and NSAIDs.

   c. The failure of the Jessie Furlow Medical Center's staff to carry forward her allergies in subsequent office notes and/or otherwise document her allergies on a face sheet and/or otherwise prominently note Ms. Potter's known NSAID allergy in her file.

   d. The failure to maintain adequate and appropriate charting, including, but not limited to, a face sheet to designate allergies within the North Florida Medical Center chart.

   e. The failure to properly and adequately supervise Ms. Potter following her injection with Toradol, an NSAID, to ensure that she did not have a hypersensitive reaction in light of known and demonstrated allergies to aspirin and NSAIDs.

   f. The failure to maintain adequate and appropriate counteractive measures within the Jessie Furlow Medical Center following the administration Toradol, given the known risk of hypersensitive reactions from patients, including, but not limited to, Ms. Potter.

   g. Dr. Wasserman's failure to appreciate the significance of administering Toradol to a patient with a known NSAID hypersensitivity or allergy.

20. As a direct and proximate result of the above described deviations from the

prevailing professional standards of care, MARCELLE POTTER suffered severe respiratory distress following the Toradol injection which required intubation, hospitalization and ongoing medical intervention.

21. As a further direct and proximate result of the above described deviations from the prevailing professional standards of care, and MARCELLE POTTER's resultant severe respiratory distress and hospitalization following the Toradol injection received in Defendant's clinic, MARCELLE POTTER has subsequently developed severe mental distress, including but not limited to, post-traumatic stress disorder, such condition which has resulted in her isolation and further debilitation.

### *Damages*

22. As a direct and proximate result of the negligence complained of herein, and the resulting injuries, MARCELLE POTTER suffered from bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, the expense of medical, nursing and therapeutic care and treatment, the aggravation of her previously existing conditions, lost earnings and loss of earning capacity. These expenses, losses and damages are continuing in nature, and she will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant, UNITED STATES OF AMERICA, for all allowable damages, costs, and such other relief as may be deemed just and proper. Plaintiff further demands a trial by jury.

Respectfully submitted,

**BROOKS, LeBOEUF, BENNETT,
FOSTER & GWARTNEY, P.A.**

/s/ Scott E. Gwartney

_____

Scott E. Gwartney, FBN 0897558
909 East Park Avenue
Tallahassee, FL 32301
850-222-2000
850-222-9757 facsimile
Attorneys for Plaintiff
Scott@tallahasseeattorneys.com
June@tallahasseeattorneys.com
Allison@tallahasseeattorneys.com